UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Thomas E. Damman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV-10-JEO-3021-S |
| v. | ) |
| | ) |
| LTD Financial Services, L.P. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Thomas E. Damman, the Plaintiff in the above-styled cause, by and through his counsel of record, to bring this Complaint against the Defendant, averring therefore as follows:

### INTRODUCTION

1. This action arises out of deceptive debt collection practices of the Defendant that constituted numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter referred to as "FDCPA"), as well as tortious conduct under the laws of the State of Alabama.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court over Plaintiff's claims under the FDCPA is proper under 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. This Court may also exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1327, because Plaintiff's state law claims form part of the same case or controversy and are based on substantially similar and overlapping facts as Plaintiff's FDCPA claims.

4. As Defendant regularly transacts business in the State of Alabama and the conduct complained of occurred in this District, venue in this District is proper 28 U.S.C §1391(b) and (c).

## PARTIES

5. The Plaintiff is a natural person residing in Shelby County, Alabama.

6. The Defendant is a Texas limited partnership engaged in the business of collecting debts in this state, with its principal place of business located at 7322 Southeast Freeway, Suite 1600, Houston, Texas;

7. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another;

8. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6);

## FACTUAL ALLEGATIONS

9. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a consumer debt allegedly owed to USAA Federal Savings Bank;

10. On or about September 16th, 2010, a female person identifying herself as an agent of the Defendant telephoned the Plaintiff at his residence in an attempt to collect a debt allegedly owed by the Plaintiff;

11. In said telephone call, the Defendant failed to provide the Plaintiff with the warning that she was a debt collector, that she was

attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. 1692e(11);

12. In the same telephone call, the Defendant represented to the Plaintiff that legal action had been instituted against the Plaintiff, when in fact no legal action had been taken;

13. In the same telephone call, the Defendant represented to the Plaintiff that if he did not pay the alleged debt within one week, Defendant would obtain a judgment against the Plaintiff;

14. Plaintiff failed to pay Defendant for one week and Defendant did not obtain a judgment against the Plaintiff;

15. In the same telephone call, the Defendant represented to the Plaintiff that if he failed to pay the alleged debt, that USAA would cancel Plaintiff's insurance policy;

16. Plaintiff did not pay Defendant and his insurance was not cancelled; moreover, Plaintiff contacted USAA and was informed that his insurance would not be cancelled even if he failed to pay the Defendant;

17. In the same telephone call, Defendant represented to the Plaintiff that a discharge in bankruptcy would not affect the enforceability by Defendant of any impending judgment against the Plaintiff;

18. In fact, nothing about the debt allegedly owed by Plaintiff makes it nondischargeable under §523 of the Bankruptcy Code;

19. As a result of the Defendant's various misrepresentations, the Plaintiff reasonably feared a judgment imminent, unavoidable, and incurable by any means available to the Plaintiff;

20. On or about September 27th, 2010, a female person identifying herself as an agent of the Defendant telephoned the Plaintiff at his residence in an attempt to collect a debt allegedly owed to the Defendant by the Plaintiff;

21. In the same telephone call, Defendant represented to the Plaintiff that legal action had been taken against the Plaintiff when in fact no such action had been taken;

22. On or about September 28th, 2010, a female person identifying herself as an agent of the Defendant telephoned the Plaintiff at his residence in an attempt to collect a debt allegedly owed to the Defendant by the Plaintiff;

23. In the same telephone call, Defendant represented to the Plaintiff that legal action had been taken against the Plaintiff when in fact no such action had been taken;

24. In the same telephone call, Defendant represented to the Plaintiff that if he did not pay his alleged debt to the Defendant, then Plaintiff would lose his insurance with USAA;

25. Plaintiff did not pay any alleged debt to the Defendant, and Plaintiff's insurance was not cancelled;

26. During the time period relevant to this action, the Defendant lacked the legal right to sue the Plaintiff;

27. All acts and omissions referred to in this Complaint were taken by agents, employees, servants, or representatives of the Defendant, and were in the line and scope of their agency, employment, or representation of the Defendant;

28. All such acts and omissions were motivated by the profit of Defendant;

29. All of Defendant's actions were taken willingly and Defendant knew or should have known that its actions were in reckless disregard of federal and state law;

30. Defendant negligently or wantonly hired, retained, trained, or supervised its debt collectors and is thereby responsible to the Plaintiff for the damages suffered by the Plaintiff as a result of the actions of its agents, employees, or representatives;

31. As a result of the acts averred above, the Plaintiff suffered needless anxiety, nervousness, embarrassment, loss of sleep, and lost work productivity;

32. Relying upon Defendant's misrepresentation as to the imminence of a judgment against the Plaintiff and the immunity of such judgment from discharge in bankruptcy, the Plaintiff expended valuable time and money to seek a resolution of his illusively dangerous situation.

## FIRST CLAIM FOR RELIEF: FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four above.

34. The actions of Defendant averred above violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., specifically, but not exclusively, in the following ways:

   a. The Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in the initial communication with the Plaintiff on September 16th that the Defendant was attempting to collect a debt and that any information obtained would be used for that purpose;

   b. Defendant violated 15 U.S.C. §1692e(2)(A), (5), and (10) on September 16th by misrepresenting the existence and imminence of legal action against the Plaintiff;

   c. Defendant violated 15 U.S.C. §1692e(5) on September 16th by falsely representing to Plaintiff that if he failed to pay the Defendant within one week that Defendant would obtain a judgment against the Plaintiff, when in fact Defendant neither intended to obtain a judgment nor had the ability to do so;

   d. Defendant violated 15 U.S.C. §1692e(5) and (10) on September 16th by falsely representing to the Plaintiff that if

  he did not pay the Defendant his insurance with USAA would be cancelled;

 e. Defendant violated 15 U.S.C. §1692e(2)(A) and (5) on September 16th by falsely representing to Plaintiff that its purportedly imminent judgment against the Plaintiff would be nondischargeable in bankruptcy;

 f. Defendant violated 15 U.S.C. §1692e(11) on September 27th by failing to disclose that the communication was from a debt collector and that any information obtained would be used for that purpose;

 g. Defendant violated 15 U.S.C. §1692e(2)(A), (5), and (10) on September 27th by misrepresenting the existence and imminence of legal action against the Plaintiff;

 h. Defendant violated 15 U.S.C. §1692e(11) on September 28th by failing to disclose that the communication was from a debt collector and that any information obtained would be used for that purpose;

 i. Defendant violated 15 U.S.C. §1692e(2)(A), (5), and (10) on September 28th by misrepresenting the existence and imminence of legal action against the Plaintiff;

 j. Defendant violated 15 U.S.C. §1692e(5) and (10) on September 16th by falsely representing to the Plaintiff that if he did not pay the Defendant his insurance with USAA would be cancelled;

 k. Defendant violated 15 U.S.C. §1692c(b) at various times by leaving voice messages on a telephone answering machine that Plaintiff shares with multiple third parties;

35. As a result of the above violations of the Fair Debt Collection Practices Act, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the Act, Plaintiff's

actual damages, statutory damages, court costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

## SECOND CLAIM FOR RELIEF: FRAUD AND DECEIT

36. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four above.

37. The actions of Defendant averred above constituted intentional misrepresentations of material facts regarding the Plaintiff's financial precariousness, in violation of Ala. Code §6-5-104;

38. The Plaintiff reasonably relied upon the Defendant's various misrepresentations to his own detriment;

39. Specifically, the Plaintiff reasonably relied upon the Defendant's misrepresentations that legal action was currently underway, that a judgment against him was imminent, and that no legal recourse existed for the Plaintiff other than immediate payment to the Defendant;

40. In response to this deceit, the Plaintiff undertook significant personal expense to prepare himself and his family for bankruptcy, and that such preparations preoccupied the Plaintiff for a period of several weeks, during which he suffered humiliation, familial strife, and was caused to forego potentially profitable business opportunities that arose during that time;

41. As a result of this fraud worked by the Defendant upon the Plaintiff, the Defendant is liable to the Plaintiff for compensatory damages.

## THIRD CLAIM FOR RELIEF: INTENTIONAL INVASION OF PRIVACY

42. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four above;

43. In said telephone calls of September 16th, 27th, and 28th 2010, the Defendant left voice messages on the answering machine of the Plaintiff;

44. Plaintiff shares a residence with his wife, her two elderly parents, and his two teenage children;

45. On occasion, the voice messages were left in earshot of various guests and members of the Plaintiff's household;

46. Plaintiff's personal financial information was divulged to people with no business to hear it;

47. As a result, the Plaintiff suffered embarrassment and familial strife;

48. Congress has announced a liberal federal policy favoring the protection of the consumer's right to privacy from debt collectors in 15 U.S.C. §1692a:

> "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

49. For such intentional violations of the Plaintiff's privacy, Defendant is liable to the Plaintiff for actual and punitive damages arising from Defendant's misconduct.

## FOURTH CLAIM FOR RELIEF: UNAUTHORIZED PRACTICE OF LAW

50. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four above.

51. Defendant's representations regarding the remedies available to the Plaintiff under the Bankruptcy Code constituted advice as to secular law "for a consideration, reward or pecuniary benefit" as defined in §34-3-6(b)(2) of the Code of Alabama;

52. Neither Defendant nor any of Defendant's agents who made the communications described above are licensed to practice law in the State of Alabama;

53. Under the laws of the State of Alabama, Defendant is liable to Plaintiff for any actual damages incurred as a result of the Defendant's unauthorized practice of law.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

A) Declaratory judgment that the Defendant's conduct violated the Fair Debt Collection Practices Act;
B) Actual damages arising from the Defendant's violations of the Act;
C) Statutory damages of One Thousand Dollars ($1000) for Defendant's violations of the Fair Debt Collection Practices Act;
D) Costs and reasonable attorney's fees incurred in bringing this action, pursuant to §1692k(a)(3);
E) Actual and punitive damages for fraud and deceit worked upon the Plaintiff by the Defendant;
F) Actual and punitive damages for the Defendant's intentional invasion of the Plaintiff's privacy;
G) Actual damages for the Defendant's unauthorized practice of law;
H) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED,

_____
Judson E. Crump ASB-0512-U77C
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

_____
Judson E. Crump, Attorney for Plaintiff

### Serve Defendant via Certified Mail at the following address:

LTD Financial Services, L.P.
CSC Lawyers Incorporating Services Inc
150 S Perry St
Montgomery, Alabama 36104